IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GILBERTO CORTES-REYES, et al.,

    Plaintiffs;

           v.

SALVADOR SALAS-QUINTANA, et al.,

    Defendants.

**Civil No. 02-1129 (SEC)**

**OPINION and ORDER**

The above-captioned plaintiffs ("Plaintiffs") prevailed in this civil-rights action under 42 U.S.C. § 1983. Pending before the Court is their renewed motion for attorney's fees pursuant to 42 U.S.C. § 1988(b) (Docket # 311). Defendants opposed the motion (Docket # 321), and Plaintiffs filed a reply (Docket # 325). For the reasons set forth below, Plaintiffs' motion is **GRANTED in part and DENIED in part**.

**Procedural Background**

Plaintiffs are thirty-six former ranger cadets of the Puerto Rico Department of Natural and Environmental Resources. Docket # 308. They sued pursuant to 42 U.S.C. § 1983 after allegedly being fired on account of their affiliation with the New Progressive Party. Id. Plaintiffs' suit alleged violations of their First Amendment and Due Process rights. Id. After twelve days of trial (Docket ## 194-216), and two and a half days of deliberation (Docket ## 216-32), the jury returned a verdict for twenty-eight of the Plaintiffs on their Due Process claims, and awarded each $19,000 in compensatory damages (Docket # 232). The jury also found for seven of those twenty-eight Plaintiffs on their First Amendment claims, and awarded each an additional $19,000 in punitive damages. Id. The Court then entered judgment accordingly. Docket # 233. On appeal, the Circuit Court held that Defendants enjoyed qualified

**CIVIL NO. 02-1129 (SEC)**                                                                                                               Page 2

immunity with regard to the Due Process claims, and, hence, the judgment for Plaintiffs was vacated as to those claims. Docket # 308. At the same time, the Court of Appeals affirmed the judgment for punitive damages in favor of the seven plaintiffs who had succeeded on First Amendment claims at trial. Id. All Plaintiffs then filed this renewed motion for attorney's fees. Docket # 311.

Plaintiffs contend that, as seven of them were successful on appeal, they are prevailing parties for purposes of 42 U.S.C. § 1988, and are thus entitled to attorney's fees. Docket # 311. They have accompanied their request with time sheets and sworn statements from their attorneys. Id., Exhibits 1-3. Defendants challenge specific charges as excessive, and argue that their fee should be reduced substantially in light of the limited success obtained. Docket # 321. They contend that, because Plaintiffs only obtained $133,000 in damages after the appeal, it would be excessive to award $130,337.50 as attorney's fees. Id. They also argue that time spent on the unsuccessful Due Process claims can be distinguished from the time spent on the successful First Amendment claims, and that the Court should reduce the fee accordingly. Id.[1] Plaintiffs, on the other hand, contend that the time spent on the case was appropriate; that proportionality between the attorney's fees and damages is beside the point; that the successful and unsuccessful claims were so interrelated that the attorneys' time cannot be differentiated among the claims; and that any reduction in attorney's fees should thus be minimal. Docket ## 311 and 325.

Below, the Court first determines the degree to which Plaintiffs in this action are prevailing parties for purposes of § 1988. The Court then turns to the proposed billing rates for

---

[1] Defendants made an offer of judgment for $500,000 to Plaintiffs (Docket # 189), which they rejected. Because neither party makes an argument based on this fact, the Court does not take it into account in the discussion below.

**CIVIL NO. 02-1129 (SEC)**                                                                                                                    Page 3

the attorneys and specific billable-time entries. Lastly, the Court determines whether an overall adjustment to the award of fees is warranted based on the limited success that plaintiffs obtained on appeal.

**Applicable Law and Analysis**

In § 1983 cases such as the case at bar, 42 U.S.C. § 1988(b) governs an award of attorney's fees. Section 1988(b) states that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Notwithstanding the discretionary language of the statute, "[i]n civil rights cases, fee-shifting in favor of a prevailing plaintiff is the rule" rather than the exception. Casa Marie Hogar Geriátrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994). That is, fees should be awarded to successful plaintiffs absent unusual circumstances. Williams v. Hanover Hous. Auth., 113 F.3d 1294, 1300 (1st Cir. 1997).

To adjudicate a request for attorney's fees, the Court needs to determine (1) whether a party is in fact a "prevailing party"; (2) whether the compensation sought is reasonable (i.e., calculation of the lodestar); and (3) whether there are any additional but exceptional considerations that warrant an upward or downward adjustment of the fee. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).

*Prevailing-party status*

Turning to the first question, the Supreme Court has established that "no fee award is permissible until the plaintiff has crossed the statutory threshold of prevailing party status." Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789 (1989) (internal quotation marks omitted). A plaintiff is a prevailing party if he or she "has succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit." Id. at 791-92 (internal quotation marks omitted). Accordingly, when a plaintiff's trial victory is

**CIVIL NO. 02-1129 (SEC)** Page 4

reversed on the merits on appeal, he or she is *not* a prevailing party. E.g., Globe Newspaper Co. v. Beacon Hill Architectural Comm'n, 100 F.3d 175, 195 (1st Cir. 1996). Hence, the present motion for attorney's fees must be denied as to all but the seven plaintiffs whose damages the Circuit Court affirmed. This Court now turns to those seven successful plaintiffs.

*Lodestar calculation in general*

To make the lodestar calculation, the Court applies the prevailing billing rates to the hours reasonably expended on successful claims.[2] This calculation is made by multiplying the number of hours *reasonably* expended on the litigation times a reasonable hourly rate. Hensley, 461 U.S. at 433.[3] "Once established, the lodestar represents a presumptively reasonable fee, although it is subject to upward or downward adjustments in certain circumstances." Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992) (citations omitted). That a plaintiff has obtained only limited success is one such circumstance—indeed, it is a paramount consideration—that justifies adjusting the lodestar figure downwards. Hensley, 461 U.S. at 436-37.

In cases where the plaintiffs' claims are closely related, the First Circuit employs the so-called interrelated-claims doctrine: a "fee award may include fees for work performed on unsuccessful claims if that party's unsuccessful claims are interrelated to the successful claims

---

[2]"In order to recover fees, attorneys must submit a full and precise accounting of their time, including specific information about number of hours, dates, and the nature of the work performed." Deary v. City of Gloucester, 9 F.3d 191, 197-98 (1st Cir. 1993) (citation omitted). Here, Plaintiffs submitted extensive time sheets (Docket # 311, Exhibit 1). Their accounting does not lack in detail, although, as the Court finds below, many of the charges shown there are excessive.

[3]Other factors to consider in making this determination are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Blanchard v. Bergeron, 489 U.S. 87, 91-92 n.5 (1989) (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (1974)).

**CIVIL NO. 02-1129 (SEC)**  Page 5

---

by a common core of facts or related legal theories." Ward v. Hickey, 996 F.2d 448, 455 (1st Cir. 1993). The controlling factor is the plaintiffs' degree of success in the overall litigation. Lipsett, 975 F.2d at 941. This doctrine honors the basic goal of Congress in enacting § 1988, that is, to promote the vigorous vindication of civil rights by providing an economic incentive to the aggrieved and their attorneys to bring grievances to court. Christianburg Garment Co. v. EEOC, 434 U.S. 412, 419 (1978). At the same time, the interrelated-claims doctrine recognizes that "reasonable counsel in a civil rights case, as in much litigation, must often advance a number of related legal claims in order to give plaintiffs the best possible chance of obtaining significant relief." Hensley, 461 U.S. at 448 (Brennan, J., concurring in part and dissenting in part).

Plaintiffs in this case have submitted sworn statements and attorneys' time sheets to support their request for attorney's fees. Docket # 311, Exhibits 1-3. They seek an hourly rate of $200 for 112 hours of attorney González-Magaz's in-court time, and $150 per hour for 153.25 hours of out-of-court-time. Id., Exhibit 1 at 83. Similarly, they price attorney González-Colón's time at $300 per hour for 56 hours of in-court work, and at $200 hourly for 340.75 hours out of court. Id.

A court implementing the lodestar method "calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001). The Supreme Court has recently reaffirmed that the District Court's duty when assessing attorney's fees is not "to become green-eyeshade accountants" or "to achieve auditing perfection," but, rather, "to do rough justice." Fox v. Vice, No. 10-114, 563 U.S. ___, slip op.

**CIVIL NO. 02-1129 (SEC)**                                                                 Page 6

at 11 (June 6, 2011). Addressing the propriety of the attorneys' hourly rates first, the Court takes note of the exhibits submitted with the instant motion.

*Reasonable hourly rates*

In his sworn statement, attorney González-Magaz states that he has been practicing law since 2005. Docket # 311, Exhibit 2. Before joining Mr. González-Colón's practice, he was an associate for one year at the law firm of McConnell Valdes. Id. González-Magaz avers that since joining Mr. Gonzalez-Colón's firm in 2006 he has worked mostly on § 1983 litigation, and has successfully tried, together with Mr. González-Colón, two previous civil-rights cases in this District. Id. Attorney González-Colón, for his part, states in his sworn statement that he has been practicing before this Court for over thirty-seven years and in that time has litigated many § 1983 cases. Docket # 311, Exhibit 3.

Hourly rates in recent civil-rights cases in this District have generally ranged from $100–$250 for in-court work, and from $90–$225 for out-of-court time. See Rosario-Urdaz v. Rivera-Hernandez, 451 F. Supp.2d 305, 309-10 (D.P.R. 2006) (discussing hourly rates awarded in civil-rights cases).[4] Hence, in consideration of attorney González-Colón's extensive experience, including a considerable ken of civil-rights litigation, the Court finds that an hourly rate of $250 for in-court time and $200 for out-of-court time is reasonable. As to attorney González-Magaz, the Court concludes that $175 for in-court time and $150 for out-of-court time is appropriate based on his experience.

---

[4] Plaintiffs point to a Report and Recommendation by Chief Magistrate Judge Justo Arenas in Rosselló-González v. Calderón, Civ. No. 04-2251 (DRD), Docket # 238, at 24-26 (D.P.R. June 27, 2005), in which a $300 hourly rate was considered reasonable. Nevertheless, the Report and Recommendation regarding attorney's fees was only partially adopted, and no attorney's fees were awarded in the case. Id., Docket # 246, at 25-26 (D.P.R. Jan. 17, 2006); see also Rosselló-González v. Acevedo-Vilá, 483 F.3d 1 (1st Cir. 2007) (affirming denial of attorney's fees in the cited case). In light of this fact, the Court will stay within the bounds of the ranges described above in setting attorneys' hourly rates.

**CIVIL NO. 02-1129 (SEC)**                                                                 Page 7

*Propriety of billable entries in Plaintiffs' time sheets*

Defendants, in their sixty-nine-page-long opposition, protest Plaintiffs' attorneys' billable entries one by one. The general tenor of their long list of objections is that Plaintiffs' attorneys seek to bill their opponents excessively, especially for their review of (often) single-sentence case-management orders and motions. The Court notes that review of motions seeking, and orders granting, an extension of time—documents less than half a page long in most cases—are regularly billed at half an hour or more in the time sheets. See Docket # 311, Exhibit 1, *passim*. Additionally, several entire entries (and parts of many other entries) billed at attorneys' rates, adding up to several hours, are for clerical tasks such as printing, photocopying, faxing, mailing, and converting documents to PDF format. This will not do.

As Defendants correctly state, the hours billed must be reasonable, and "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary." See, e.g., Hensley, 461 U.S. at 434 (internal quotation marks and citation omitted); Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952-54 (1st Cir. 1984). Furthermore, the Court is obliged to admonish counsel for Plaintiffs that "clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them." See Lipsett, 975 F.2d at 940; see also Missouri v. Jenkins *ex rel.* Agyei 491 U.S. 274, 288 n.10 (1989). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request" such excessive or frivolous hours, "just as a lawyer in private practice *ethically* is obligated to exclude such hours from his fee submission." Hensley, 461 U.S. at 434 (emphasis added).

Several of Plaintiffs' entries are for clerical work that simply *cannot* be billed at an attorney's rate. To mention just one instance, at page 82 of their time sheets, Plaintiffs show a two-hour charge for photocopying an opinion and order by this Court and mailing it to their clients. Similarly, many of Plaintiffs' billable entries, for the simplest work done in the ordinary

**CIVIL NO. 02-1129 (SEC)**                                                                 Page 8

course of litigation, are unacceptably high. For example, at page 24 of the time sheets, Plaintiffs' attorneys crassly seek to bill their opponents 1.5 hours for "[s]tudy" and "[r]eview" of Defendants' *pro forma* motion for leave to file a reply to Plaintiffs' motion in opposition to summary judgment; then 0.25 hours for reading the Court's single-sentence order granting leave to file the reply; and then, finally, 1.50 hours for actually reading the tendered reply. The time sheets submitted are rife with such irksome and patently overinflated billing entries, page after page.

After examining Plaintiffs' time sheets in detail, the Court finds that the excess charges described above add up to 45.35 hours of attorney González-Colón's out-of-court time, and 14.00 hours of excessive and duplicative out-of-court work performed by attorney González-Magaz. Additionally, the Court will deduct the three hours charged by attorney González-Magaz at page 73 of the time sheets for redrafting Plaintiffs' opposition (Docket # 251) to Defendants' Rule 50 motion (Docket ## 234, 236). This redrafting work was necessary merely to comply with the Court's page limits, as Plaintiffs' original 102-page-long opposition (Docket # 248) was stricken because it was submitted without leave from the Court to file an extra-long brief. See Docket # 250; Local Rule 7(d). Thus, the Court calculates the lodestar, with the above modifications, as follows:

| | | |
|---|---|---|
| **Attorney González-Colón** | | |
| *In-court:* | 56.00 hours | x $250/hr |
| *Out-of-court:* | 295.40 hours | x $200/hr |
| **Attorney González-Magaz** | | |
| *In-court:* | 112.00 hours | x $175/hr |
| *Out-of-court:* | 136.25 hours | x $150/hr |
| **Total:** | **$113,117.50** | |

The Court must stress, however, that having to comb through so many nugatory charges wastes the Court's time, and presenting them in a motion shows a lack of civility to the Court

**CIVIL NO. 02-1129 (SEC)**                                                                 Page 9

and to opposing counsel.[5] Attorneys González-Colón and González-Pagán are well aware that the type of overbilling that the Court is faced with here is inappropriate.[6] The Court urges them to show better billing judgment in the future.

*Adjustment to the lodestar based on Plaintiffs' limited success*

The previously calculated lodestar figure of $113,117.50 is a baseline. The Court must now decide whether to adjust this number based on Plaintiffs' limited success.

First, Plaintiffs contend that the Due Process claims were so closely related to the First Amendment claims of the seven successful plaintiffs that it is impossible to tease apart the work done on the unsuccessful claims from the work done on the successful ones. Their attorneys maintain that essentially the same work would have been done had the seven successful plaintiffs been their only clients. Docket # 311 at 9, ¶ 31. The Court agrees.

Plaintiffs were all in the same factual boat when this case started. See Docket # 173. On the eve of trial, all Plaintiffs relied on the same factual contentions and legal arguments against Defendants. See id. Likewise, Defendants relied on essentially the same defenses against all Plaintiffs. See id. Furthermore, Plaintiffs' arguments against Defendants, and Defendants' defenses, were not framed according to whether the underlying claims were based on Due

---

[5] Attorney González-Colón has already been sanctioned once for wasting the Court's time in connection with this case. See Docket # 80. Furthermore, the District Court has imposed substantial sanctions against attorney González-Colón for vexatious conduct in § 1983 litigation in the past. See Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d 228, 246-50 (1st Cir. 2010) (upholding sanctions, but reducing amount from $64,936 to $5,000), vacating in part and aff'g in part Lamboy-Ortiz v. Pereira, No. 02-2848 (CC), Docket # 276 (D.P.R. Sept. 9, 2008). Attorney González-Magaz participated in that case, and, in fact, represented plaintiffs-appellants in Lamboy-Ortiz before the First Circuit.

[6] See Batista-Rivera v. González, No. 02-2874 (GAG-MEL), Docket # 136, at 18-30 (D.P.R. Nov. 28, 2007). There, the magistrate judge makes detailed, entry-by-entry deductions to the time sheets proffered by attorneys González-Magaz and González-Colón. Id. In total, the magistrate saw fit to subtract 75.53 hours from the 282.35 hours that the attorneys sought to bill for out-of-court work. Id. He gave ample explanation to the attorneys that billing for clerical tasks at attorneys' rates was improper, as was their overbilling for routine litigation tasks.

**CIVIL NO. 02-1129 (SEC)**                                                                                              Page 10

Process or First Amendment grounds. Id. Thus, the Court concludes that attorney's fees may be awarded as to the seven successful plaintiffs even for claims that failed, as the successful claims here were inextricably wound up with the unsuccessful ones. See Ward, 996 F.2d at 455.

Nevertheless, "[s]ection 1988 is not a relief Act for lawyers." Farrar v. Hobby, 506 U.S. 103, 122 (1992) (O'Connor, J., concurring) (internal quotation marks omitted) (quoting City of Riverside v. Rivera, 477 U.S. 561, 588 (1986) (Rehnquist, J., dissenting)). Results matter. See, e.g., Hensley, 461 U.S. at 436-37. Here, only seven out of thirty-six Plaintiffs obtained any relief, and those seven, moreover, attained only partial success. For that reason, the Court believes that a fee reduction is in order.

That being said, Defendants' argument that the fee should be much less than the amount sought, because it is disproportionate to the $133,000 awarded to Plaintiffs, misses the mark. Many civil-rights plaintiffs have meritorious claims that nonetheless entitle them only to meager damages awards. See Riverside, 477 U.S. at 578. For this reason, a rule that attorney's fees be proportional to damages is frowned upon as being contrary to the intent of Congress in enacting § 1988. Id. at 576-78 ("Congress enacted § 1988 specifically to enable plaintiffs to enforce the civil rights laws even where the amount of damages at stake would not otherwise make it feasible for them to do so[.]"). Instead of weighing the damages awarded, the Court looks at the overall result achieved in the litigation. See Hensley, 461 U.S. at 434-37.

The Court must balance, on the one hand, the important rights vindicated in this litigation, see Riverside, 477 U.S. at 574-75, with Plaintiffs' limited success, on the other, see Hensley, 461 U.S. at 434-37. To be sure, a case where law-enforcement officers were dismissed due to their personal political ideals fits squarely within the category of constitutional wrongs the vindication of which Congress sought to incent by passing § 1988. See Riverside, 477 U.S. at 576-78. Yet, the fact remains that only seven out of thirty-six Plaintiffs obtained *any* relief.

**CIVIL NO. 02-1129 (SEC)**                                                                 Page 11

See Bunch v. Bullard, 795 F.2d 384, 399-400 (5th Cir. 1986) (commenting that a 25% reduction in attorney's fees would be appropriate if only two out of fourteen plaintiffs had prevailed). That the seven prevailing Plaintiffs saw their damages cut in half on appeal is no small consideration, either. See Lipsett, 975 F.2d at 941 ("[T]he overall degree of the prevailing party's success is an important datum."). "[L]itigation is messy," and this Court must now balance all the factors above in order "to do rough justice." Fox, No. 10-114, 563 U.S. ___, slip op. at 6, 11. In doing so, the Court finds that the lodestar figure of $113,117.50 should be reduced by an additional 25%, to **$84,838.13**.

       **Conclusion**

       For the foregoing reasons, Plaintiffs' motion is **GRANTED** as to Plaintiffs Cortés-Reyes, Sepúlveda-Rodríguez, Casiano-Rivera, Cruz-Nieves, Albino-Báez, Rodríguez-Ledee, and Crespo-Quintero, and is **DENIED** as to all other Plaintiffs. Additionally, the fees will be reduced as set forth above. Accordingly, the above-named Plaintiffs are awarded **$84,838.13** as attorney's fees.

       **IT IS SO ORDERED.**

       In San Juan, Puerto Rico, this 16th day of June, 2011.

                                                                                 s/ *SALVADOR E. CASELLAS*
                                                                                Salvador E. Casellas
                                                                                U.S. Senior District Judge